

P.O. Box 35655
Richmond, VA 23235

(804) 320-9100
CowanGates.com

F. Neil Cowan, Jr.

(804) 320-9100
(804) 330-3140 *fax*

NCOWAN@COWANGATES.COM

January 13, 2022

***VIA FEDERAL EXPRESS***

The Honorable Nan R. Colley, Clerk
Charlotte County Circuit Court
115 David Bruce Avenue
Charlotte Court House, VA 23923

    RE:    <u>Hillary Allen McCargo v. Barnett Real Properties, Inc.</u>

Dear Ms. Colley:

    Enclosed please find a Cover Sheet for Filing Civil Actions, and an original and five copies of the Complaint in the captioned matter, which I ask that you file. Please prepare the Complaint for service upon the defendants.

    I have enclosed a check in the amount of $347.00 for filing. I will arrange for service through a civil process server. I have enclosed a self-addressed stamped envelope for the return of the documents.

    Should you have any questions or concerns, please do not hesitate to call.

    Very truly yours,

    CowanGates

    F. Neil Cowan, Jr.

FNCjr/lr
Enclosures
cc:   Mr. Hillary McCargo
       Ms. Allyson M. Bavolek, Sedgwick Claim No. 30204656177-0001
       Mr. Richard Morton, Hanover Claim No.19-00639418-002



In any case.

1930 Huguenot Road | Richmond, VA 23235

VIRGINIA:

IN THE CIRCUIT COURT OF CHARLOTTE COUNTY

HILLARY ALLEN MCCARGO,                                                                    Plaintiff,

v.                                                  Case No. _____

BARNETT REAL PROPERTIES, INC.,

    Serve: C T Corporation System, Registered Agent
            4701 Cox Rd. Suite 285
            Glen Allen, VA, 23060

BARNETT PROPERTIES, LLC

    Serve: Ray Barnett, Registered Agent
            Barnett Properties LLC
            1344 Shasta Lane
            Forest, VA, 24551

WALGREEN CO. d/b/a Walgreens Store #17843,

    Serve: Corporation Service Company, Registered Agent
            100 Shockoe Slip Fl 2
            Richmond, VA, 23219

SALISBURY MALL LIMITED PARTNERSHIP,
    Serve: Trevor B. Reid, Registered Agent
            6802 Paragon Pl., Suite 300
            Richmond, VA 23230

SAL PROPERTIES, INC.
    Serve: Clerk of the State Corporation Commission
            1300 E. Main St.
            Richmond, Virginia 23219                                              Defendants.

## COMPLAINT

COMES NOW the plaintiff, Hillary Allen McCargo, by counsel, and for his Complaint, states as follows:

1

1. Plaintiff, Hillary Allen McCargo ("Plaintiff"), is an individual residing in Charlotte County, Virginia.

2. Barnett Real Properties, Inc., is a Georgia Corporation, authorized to do business in the Commonwealth of Virginia, with its principal office located in North Carolina ("Barnett Real").

3. Barnett Properties, LLC is a Virginia Limited Liability Company, with its principal office located at 1344 Shasta Lane, Forest, VA 24551 ("Barnett").

4. Walgreen Co. d/b/a Walgreens Store # 17843 is an Illinois corporation, authorized to do business in the Commonwealth of Virginia, with its principal office located in Illinois ("Walgreens").

5. Salisbury Mall Limited Partnership is a North Carolina Limited Partnership, with its principal office address listed on the Virginia State Corporation Commission as "Barnett Properties LLC, 775 Graham Ave Ste 201, Henderson, NC, 27536" ("Salisbury")

6. SAL Properties, Inc. is a North Carolina Corporation with its registered office located in Henderson, North Carolina ("SAL") (Salisbury, Barnett Real, Walgreens, Barnett, and SAL are collectively, "Defendants").

## Background

7. Walgreens operates a store/pharmacy at 670 King Street, Keysville, VA 23947 (the "Store").

8. Upon information and belief Salisbury owns the Store property.

9. Upon information and belief Barnett is an integrated commercial real estate firm offering a variety of real estate services including development, project management, brokerage,

advisory services and property management, with a primary focus on retail. Upon information and belief, Barnett is the property management company for the Store location.

10. Upon information and belief, Barnett Real Properties, Inc. is a general partner of Salisbury.

11. Upon information and belief, SAL Properties, Inc. is a general partner of Salisbury.

12. At all times herein material to the matters alleged in this Complaint, Salisbury Mall Limited Partnership, SAL Properties, Inc., Barnett Real Properties, Inc., Barnett Properties, LLC were the agent and/or employee and/or partner of each of the other defendants and, in doing things herein alleged, were acting within the course and scope of such agency and/or employment, and/or partnership and were aided and/or abetted by the other and/or ratified the acts of the other so as to make them jointly liable for Plaintiff's damages.

13. The Plaintiff is informed, believes and alleges, on the basis of said information and belief, that there is a unity of interest and operation between Salisbury Mall Limited Partnership, SAL Properties, Inc., Barnett Real Properties, Inc., Barnett Properties, LLC such that their separate independent classification is a fiction in that each is the alter ego of the other.

14. Each of the Defendants are liable for the acts of each other through the principles of "respondeat superior", agency, ostensible agency, partnership, alter ego and other forms of vicarious liability.

15. On or about February 21, 2020, Plaintiff was an invitee of Defendants.

16. As the Defendants invitee, Plaintiff has the right to assume that the sidewalk, Store entrance, and premises were reasonably safe.

17. On or about February 21, 2020, Plaintiff while attempting to enter the Store, in an area specifically designated for pedestrians, slipped on black ice which had formed on the concrete sidewalk at or near the entrance of the Store, seriously injuring himself.

18. After slipping, Plaintiff, for the first time, realized that he was attempting to walk over ice that was not apparent to the naked eye.

## COUNT I

19. Prior to Plaintiff's slip and fall, freezing rain and/or snow had fallen at the Store location.

20. The Defendants waited an unreasonable amount of time after the precipitation stopped falling to attempt to clear the ice/snow, and allowed black ice to form at the entrance to the Store in an area specifically designated for pedestrian access.

21. Defendants, as the owner/occupant of a commercial premises, had a duty to Plaintiff, an invitee, and other customers of the Store, to use ordinary and reasonable care to remove ice or snow from outdoor entrance walks, steps, porches, stoops, and parking lots within a reasonable time after the freezing rain/snow stops falling. The Defendants breached the aforementioned duties owed to Plaintiff, causing Plaintiff serious bodily injury.

22. The Defendants breached their duties to Plaintiff by negligently failing to remove ice or snow from outdoor entrance walks, steps, porches, stoops, and parking lots within a reasonable time after the ice/snow within a reasonable time after the freezing rain/snow stopped falling.

23. As a direct and proximate result of the Defendants' negligence and breaches of their duties, Plaintiff sustained serious bodily injuries, has suffered and will suffer, and has incurred and will incur, both in the past and in the future: (a) severe, serious, and debilitating physical injuries,

including, without limitation, permanent injuries; (b) physical pain and mental anguish; (c) disfigurement and deformity and associated humiliation and embarrassment; (d) inconvenience; (e) expenses for medical care and treatment and related expenses; (f) has suffered scarring and associated humiliation and associates embarrassment therewith; (g) has suffered inconvenience and discomfort; and (h) loss of earnings and/or loss of earning capacity.

## COUNT II

24. The black ice which the Defendants allowed to form at the Store entrance constituted a dangerous, unsafe and hazardous condition of which the Defendants were aware and had notice, both actual and constructive, of the dangerous, unsafe and hazardous condition and Plaintiff slipped and fell as a result of the dangerous condition.

25. As the owner and operator of the Store, a place of business to which the general public is invited, it was the duty of the Defendants, their agents, and employees to maintain its premises in a reasonably safe condition; to make reasonable inspections; to warn the public of any defects which it knew or should have known about and to otherwise use ordinary care and diligence to keep its premises in a reasonably safe condition for its intended use and to use ordinary care to correct all defects and conditions which would render it dangerous and unsafe for invitees which it knew or should have known about.

26. Notwithstanding their aforementioned duties, the Defendants, their agents, and employees carelessly, recklessly and negligently allowed the black ice to form on the sidewalk at the entrance to the Store in an area in which its guests customarily pass (i.e. the Store entrance/sidewalk). The Defendants, and their agents and employees, knew or in the exercise of reasonable care should have known that black ice at such an area constituted a dangerous condition and a tripping and/or slipping hazard.

27. Notwithstanding its duties to do so, as the owner and/or operator the Store, a place of business to which the general public is invited, Defendants breached their aforementioned duties by carelessly, recklessly, and negligently failing to warn the public of the dangerous and hazardous condition at the Store entrance, by negligently failing to repair the unsafe condition, by negligently allowing ice to form at the Store entrance, by failing to salt the area, and by failing to design the Store entrance so as to prevent the formation of black ice.

28. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious bodily injuries, Plaintiff has suffered and will suffer, and has incurred and will incur, both in the past and future: (a) severe, serious, and debilitating physical injuries, including, without limitation, permanent injuries; (b) physical pain and mental anguish; (c) disfigurement and deformity and associated humiliation and embarrassment; (d) inconvenience; (e) expenses for medical care and treatment and related expenses; (f) has suffered scarring and associated humiliation and associates embarrassment therewith; (g) has suffered inconvenience and discomfort; and (h) loss of earnings and/or loss of earning capacity.

## Count III (Pled in the Alternative)

29. The Defendants knew, or should have known, about the black ice on which Plaintiff slipped and fell.

30. At no time did Plaintiff use the Defendants Store entrance or sidewalk in a manner that exceeded the scope of his invitation.

31. The entrance to the Store was covered by a metal overhang without gutters and/or a water collection device on the overhang to prevent water drainage directly onto the sidewalk, additionally, at the location of Plaintiff's slip and fall, the sidewalk was designed to slope in such

a way that water coming off of the overhang would pool in front of the Store entrance and on the side walk, allowing water to accumulate and freeze, constituting a dangerous condition.

32. The Defendants were negligent in at least the following respects:

    a. The Defendants failed to use ordinary care to have its premises in a reasonably safe condition for Plaintiff's use.

    b. The Defendants failed to warn Plaintiff of the unsafe condition on its premises about which the Defendants knew, or by the use of ordinary care should have known.

    c. The Defendants failed to use ordinary care to remove foreign objects from its premises, within a reasonable time after it knew, or should have known, the foreign objects were there, regardless of how the foreign objects got there.

    d. The Defendants failed to use ordinary care to remove ice or snow from the Store entrance / sidewalk within a reasonable time after precipitation ended.

    e. The Defendants failed to salt or treat the Store entrance and/or sidewalk to prevent and/or mitigate the danger of black ice.

    f. The Defendants failed to use ordinary and reasonable care under the circumstances.

    g. The Defendants failed to exercise ordinary care in the use and maintenance of its property to prevent injury to others, including Plaintiff.

33. The Defendants breached all of the aforementioned duties, causing serious injuries to Plaintiff.

34. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious bodily injuries, Plaintiff has suffered and will suffer, and has incurred and will incur, both in the past and future: (a) severe, serious, and debilitating physical injuries, including, without

limitation, permanent injuries; (b) physical pain and mental anguish; (c) disfigurement and deformity and associated humiliation and embarrassment; (d) inconvenience; (e) expenses for medical care and treatment and related expenses; (f) has suffered scarring and associated humiliation and associates embarrassment therewith; (g) has suffered inconvenience and discomfort; and (h) loss of earnings and/or loss of earning capacity.

WHEREFORE, the plaintiff, Hillary Allen McCargo, demand judgment against the defendants, jointly and severally, in the amount of NINE HUNDRED FIFTY THOUSAND DOLLARS ($950,000.00), with prejudgment interest from the date of accident plus post judgment interest and costs as provided by law.

<u>TRIAL BY JURY IS DEMANDED.</u>

HILLARY ALLEN MCCARGO

By: _____
       Counsel

F. Neil Cowan, Jr., Esq. (VSB No. 28665)
W. Henry M. Jones, Esq. (VSB No. 89304)
CowanGates
P. O. Box 35655
1930 Huguenot Road
Richmond, Virginia 23235-0655
(804) 320-9100
(804) 330-3140 Fax
ncowan@cowangates.com
hjones@cowangates.com
*Counsel for Plaintiff*

# CowanGates

1930 Huguenot Road
PO Box 35655
Richmond, Virginia 23235

In any case.

TO:

Mr. Richard Morton
Senior Litigation Adjuster
Hanover Insurance Group
P. O. Box 15145
Worcester, MA  01615-0145